«BOUNDIN', J.,
delivered the opinion of the court.
The question mainly discussed and relied on by the learned counsel for the appellants in this case, as showing error in the judgment of the Circuit court, is the same recently decided by this court in the case of the Commonwealth v. Holmes; a case argued and decided since this cause was heard, viz. whether the surety of a public collecting officer is discharged from all liability for his principal on his official bond by an act of assembly passed subsequently to the execution of the official bond, without the surety’s assent, extending the period of time within which, by the law in force at the date of the bond, the public officer was required to settle his accounts and make payment of the public money in his hands.
This court held, upon abundant authority, that the regulations prescribed by law for the settlement of such accounts at stated periods being intended for the benefit of the government, to secure punctuality and promptness in its officers, were directory merely, and did not enter into, and form part of the surety’s contract, so as to prevent the legislature from altering or extending the times of settling at pleasure, without the surety’s assent; and therefore, and from the nature of the officer’s obligation and duties, and of the condition of his bond, such extension did not operate as a discharge of the surety. We reaffirm that principle, and are of opinion that the sureties in this case are not discharged from liability for the official acts of their principal by reason of the extension of time for settlement granted to him by the acts of assembly referred to in the record. '
The next and only other objection to the judgment of the Circuit court pressed by counsel, is this, that at *the time when the portion of the public revenue which is the subject of this suit was received by the principal of the appellants, the latter’s office of treasurer had expired, and his right to receive the money at all had ceased to exist; that his successor had been duly elected and qualified, and that by the statute law of the state, he was bound “to turn over to his successor in office all books, papers, &c., belonging to him as treasurer, taking his receipt for the same;” by which successor all the duties of treasurer required by law were to be performed, including the unfinished dirties of his predecessor. To sustain this position, reference was made by the learned counsel for appellants to the 6th section of the 46th chapter of the Code of 1873, concerning “county officers, their duties and compensation,” p. 427.
This section was not enacted until the 2d of April 1873, Sess. Acts 1872-73, and will be found, on examination, to be an amendment of the sixth section of the “act prescribing the duties and compensation of county officers,” approved March 13th, 1872. Sess. Acts 1871-2, ch. 170, p. 222. Neither by that section of the act of March 13th, 1872, nor by any other section of that act, nor by any statute in force prior to the amended act aforesaid, was the outgoing treasurer required to turn over to his successor in office any portion of the public revenue, whether he had been appointed to fill a vacancy or had been regularly elected. As to that matter he was left, prior to the amendment, to account directly to the auditor of public accounts, as an outgoing sheriff; and if the law in that respect has been changed at all, it is conceded by the learned counsel for the appellants, that it is only by force of the amendatory act aforesaid of April 2d, 1873. He contends, however, that under that law the ^outgoing treasurer became, for all purposes, functus officio, as to the active duties of his office, all of which devolved at once on his successor in office; and that he had thereafter no power to receive any portion of the public revenue.
We do not deem it necessary to decide in the case before us what may be the effect of this amendatory statute in cases to which it may apply; but we are all of opinion that the act is plainly prospective in its terms and operation, and was not intended to affect, and does not affect, cases like that under consideration.
On the 1st day of January 1873, when the successor of Jones went into office, and the term of Jones expired, the latter held in his hands, payable to himself as treasurer, the receipts of township collectors for about $4,400 of the taxes for the year 1872, for which, as the law then stood, they were bound to account to him. The amendatory act relied on by appellant’s counsel had not then been enacted, and as the law then stood it is not contended that it was the duty of the outgoing treasurer, nor, indeed, that he had the right to turn over these receipts, relating exclusively to the public revenue, to his successor in office. On the contrary, he remained charged with these taxes on the books of the auditor of public accounts like an outgoing sheriff, notwithstanding the expiration of the term of his office; and the law recognized both his right and duty to collect and account for them directly to the auditor. In no other way could he discharge his liability to the state. Very soon after the passage of the amendatory act he did receive them from the several collectors, but failed to account for a large portion thereof, for which he was sued.
Whatever may be the effect of the act on cases thereafter arising, about which as we have already said, *we express no opinion, we all think that it is *560 prospective in its terms and operation, and does not affect this case. The consequence is, that Jones’ duties as outgoing treasurer were not in any manner affected thereby, that the collections made by him of collectors, whose receipts he held, was legal and proper, and that the sureties in his official bond are bound for his default.
We are therefore of opinion that there is no error in the judgment of the Circuit court, and that the same be affirmed with costs and damages to the appellee according to law.
Judgment affirmed.