JOSEPH P. PRAIRIE and THOS. G. JENKINS v. D. A. JENKINS, Public Treasurer.

It is no valid objection to a judgment obtained on a sheriff's bond, for his failure to collect and pay over the public taxes, that the judgment was obtained before the clerk of the Superior Court, and that the same was also taken without notice to the sureties. Sec. 38, chap. 102, Battle's Revisal, expressly authorizes such summary proceeding, "without other notice than is given by the delinquency of the officer."

The principle that if a creditor by any binding contract gives time to a principal debtor, the sureties are thereby discharged, applies when a State is a creditor, as well as when an individual is.

When by an Act of the General Assembly, sheriffs were allowed until the first Monday in January, 1874, to settle for the taxes due the first Monday in December, 1873, *provided*, said sheriffs pay to the Public Treasurer within the time prescribed by law, three-fourths of the taxes, and as much more as they have by that time collected, and afterwards, by a resolution of 16th February, 1874, a sheriff is allowed until the 1st of April, 1874, to settle the remaining fourth of the taxes, provided he has performed the conditions therein, and by said Act required, which the complaint alleges has been done: an Injunction obtained by the sureties of said sheriff, staying the collection of a judgment for said taxes, on the ground of their discharge because of such extension of time, will be continued until the final hearing, in order that the facts may be found, whether said sheriff had performed the supposed condition as to bring himself within the act, and did thereafter perform the conditions which he was required thereafter to perform.

PRAIRIE and JENKINS *v.* JENKINS, Public Treasurer.

CIVIL ACTION, praying an *Injunction* against the Public Treasurer, heard before WATTS, J., at Chambers in the County of WAKE, March 29th, 1875.

Upon hearing the preliminary restraining order and the complaint and affidavit, no answer having been filed, his Honor continued the injunction until the final hearing. From this judgment the defendant appealed.

All the facts relating to the points decided in this Court are fully stated in the opinion of Justice RODMAN.

*Attorney General Hargrove,* and *Smith & Strong,* for appellant. *Badger & Devereux,* and *Batchelor & Son,* contra.

RODMAN, J.   1. The first ground on which the plaintiffs put their claim to relief is, that the judgment was taken before the Clerk of the Superior Court, and not before the Judge in Term time.   This objection to the judgment is answered by the Act of 1872-'73 (Bat. Rev., chap. CII, sec. 38), which expressly directs the proceeding complained of.

2. That the judgment was taken without notice to them. This, also, is directed by the act cited.

3. That the amount of the bond was too large.   This, if it be a defect, is cured by Bat. Rev., chap. LXXX, sec. 10.

4. That the penalties for the sheriff's default were included in the judgment against the sureties.   This objection is first made in this Court, and does not appear in the complaint.   At all events, it would only go to reduce the judgment.   We express no opinion on it.

5. That the Legislature, by giving time to the principal, discharged the sureties.   The facts appearing in the complaint in reference to this point are these : The bond was given in September, 1873 ; it contained the usual condition for the collection and payment of the public taxes.   The taxes for that year were by law payable to the Treasurer on the first Monday in December, 1873.   On the 1st day of

December, 1873, the Legislature enacted in substance as follows :

" SECTION 1. The sheriffs of this State shall be allowed until the first Monday in January, 1874, to settle their State tax accounts for the year 1873 with the Auditor, and pay the amount for which they are liable to the Treasurer of the State; *provided,* that said sheriffs pay in and settle three-fourths of the said taxes, as now required by law, and further amount of taxes actually collected.

" SEC. 3. This act shall be in force from 17th November 1873."

Afterwards, by a resolution ratified on the 16th of February, 1874, the sheriff, Lee, was allowed until the 1st of April, 1874, to settle the remaining one-fourth of the taxes payable by him for the year 1873, and on such payment was relieved from any penalties incurred by his prior failure to pay.

The complaint says that the sheriff, prior to the first Act, had paid three-fourths of all the taxes which he was liable to pay, and all that he had collected up to the date of that Act; but it does not say with precision when he did so.

The principle that, if a creditor by any binding contract gives time to a principal debtor, the sureties are thereby discharged, cannot be questioned. It applies when a State is the creditor as well as when an individual is. A State may, by an Act of Assembly, incur an effective obligation to give time, although there was no consideration for the act ; for, although it may be repealed, yet while it stands, it binds the officers of the State, and puts it out of the power of the sureties to use the name of the State in enforcing the obligations of the principal. These conclusions are supported by the judgment of the Supreme Court of Tennessee, in the case of *Johnson* v. *Hacher,* at October Term, 1874.; Central Law Journal for September, 1875.

The reasoning of the Court in that case is so clear and sat--

isfactory that we content ourselves with referring to it, without attempting to abridge it. We have then only to enquire whether by the terms of the act and resolution, time was given to the principal debtor. The act gives time as to one-fourth of the taxes to the first Monday in January, 1874, *on condition* that the sheriff (*shall*) pay three-fourths of the taxes, and any further sum that he has ³⁄₄ (on 1st December, 1873) actually collected by the first Monday in December, 1873. It *may* also include those who before that date had paid the three-fourths, &c.

The complaint says that the sheriff in this case *had* paid, and as there is no answer we must take it to be true for the purpose of the application to enjoin until the hearing. But the contrary may appear on the hearing. We do not conceive ourselves required on an appeal from an interlocutory order of this sort, to decide important and doubtful questions, upon what is in fact a mere hypothetical state of facts. We disprove the taking of such appeals without some neces-sity, and where the question of law upon the complaint is not clear. The sure result is increased delay and expense. Without undertaking, therefore, to decide positively on the construction or effect of the act at this time, we are of opinion that the question presented upon this act is sufficiently doubtful to entitle the plaintiff to a continuation of the injunction, until the facts are ascertained upon the hearing.

The resolution of 16th February, 1874, supposes, but does not conclusively admit, that Lee had paid the three-fourths of the taxes, and upon that supposition, which is in effect a condition, and upon other conditions precedent not material at present, gives him time as to the remaining one-fourth until 1st April, 1874. The effect of this, as of the act of 1st December, will depend upon whether Lee had performed the supposed condition so as to bring himself within the act, and did thereafter perform the conditions which he was re-quired thereafter to perform.

There is nothing in it which will enable us to decide upon the discharge of the sureties, in the imperfect and hypothetical state of the facts at present presented to us.

There is no error in the judgment below. Injunction continued until the hearing. Case remanded. Let this opinion be certified.

PER CURIAM. Judgment accordingly.