JOS. P. PRAIRIE and others v. J. M. WORTH, Public Treaurer.

*Sheriff—Official Bond—Liability of Sureties--Extension of Time for Settling Taxes.*

1. The act of the General Assembly, (Laws 1873-'4, ch. 4,) extending the time of sheriffs wherein to settle their State tax accounts, on condition that three-fourths of the taxes due should be paid within the time required by law, did not operate to discharge the sureties upon their official bonds, whether the condition of the act was complied with or not, and whether or not such sureties had notice of the extension.

2. Nor can the plaintiffs (sureties on such bond) take any benefit under the resolution of the General Assembly of February 6th. 1874, extending time for the settlement of the one-fourth due, for the reason, among others, that the condition contained in the resolution that certain costs should be paid, does not appear to have been complied with.

3. A sheriff takes office and executes his bonds subject to the power of the Legislature to control its duties as the public good may require. The power which imposes the burden of taxation can legally indulge, mitigate or suspend the assessment and collection of its revenues ; and every collecting officer accepts office and gives bond affected with notice and subject to the exercise of this right of sovereignty. It enters into and becomes a part of the contract with the State and is as binding upon the bondsmen as any express condition of the bond.

(*Bunting* v. *Gales,* 77 N. C. 283 ; *Hoke* v. *Henderson,* 4 Dev. 1 ; *Cotten* v. *Ellis,* 7 Jones 545, cited and approved.)

CIVIL ACTION, tried at June Special Term, 1877, of WAKE Superior Court, before *Buxton, J.*

This action was originally brought against David A. Jenkins, Public Treasurer, and after his term of office expired, the present defendant (his successor) was made a party. The plaintiffs insisted that in consequence of the effect of the Act of Assembly in extending the time for the collection of taxes, they, as sureties, upon the bond of T. F. Lee, Sheriff

of Wake County, who had failed to pay taxes collected for a certain period, were (not having had notice of said extension) discharged from all liability in respect thereto, for that, the forbearance to the principal released the surety ; and they demanded judgment that the Public Treasurer be enjoined from proceeding further to enforce the execution of a judgment which had been obtained against them as sureties aforesaid, in consequence of the default of their principal, and that said judgment may be declared void.

His Honor held that said judgment be vacated, and that the Public Treasurer be perpetually enjoined from collecting the same. From this ruling the defendant appealed.

*Messrs. J. B. Batchelor* and *Badger & Devereux*, for plaintiffs.

*Mr. W. N. H. Smith*, (before his appointment as C. J.) for defendant.

BYNUM, J. This case is now before the Court upon its merits, the preliminary questions made in it having been decided when the case was formerly before us. *Prairie* v. *Jenkins*, 75 N. C. 545.

The plaintiffs are sureties upon the bond of the Sheriff of Wake County, for the collection of the public taxes, which bond was executed to the State, on the 1st of September, 1873, with the following conditions, to-wit.; " Whereas, the above bounden Timothy F. Lee, has been duly elected and appointed Sheriff of the County of Wake, now if the said Timothy F. Lee shall well and faithfully collect, pay over and settle the public taxes as required by law, during his continuance in the office of said Sheriff, then in that case the above obligation to be void, otherwise to be in full force and effect." By law it was the duty of the Sheriff to collect the taxes and settle with the Treasurer of the State, on or before the first Monday in December, 1873. He failed to do

so.  But on the first day of December of the same year, an Act of the Legislature was passed and ratified, in the words following, viz : "That the Sheriffs or other accounting officers the several Counties of this State, be allowed until the first Monday in January, 1874, to settle their State tax accounts for the year 1873, with the Auditor, and pay the amount for which they are liable, to the Treasurer of the State ; *Provided*, That said Sheriffs and other accounting officers, pay in and settle three fourths of the said taxes as now. required by law, and further amount of taxes actually collected ; *Provided*, That no Sheriff taking benefit under the provisions of this Act, shall be entitled to mileage for settlement of the deferred taxes."

" That this Act shall be in force from and after the 17th of November, 1873."  Laws of 1873–'74, ch. 4.

The plaintiffs contend, that by virtue of this statute there was such an extension of time and forbearance of suit by the State, that the sureties on the bond were discharged. Before such an effect can be given to the statute, it must appear that its conditions have been performed as stipulated ; for an agreement based upon a condition which is uncomplied with, is not binding and does not discharge those who stand in the relation of sureties, but leaves all the parties unaffected as though the Act had never passed ; just as an unaccepted offer is no offer at all.  2 Daniel on Neg. Instr. § 1318.  To give effect to the statute, as an extension of the time of settlement, " three fourths of the taxes, as now required by law," were to be paid, that is, they were to be paid on or before the first Monday in December, 1873, which was the time specified by law for the settlement of the public taxes.  The case states that they were not paid until the *tenth* of December.  It follows, that the proposition of the State not having been accepted, it incurred no obligation of indulgence.  It is no answer to say that although the required sum was not paid at the time specified in the *proviso* of

the statute, yet it was paid to and accepted by the State, a few days after, and that the acceptance was a waiver of strict performance of the conditions of the Act. By the non-performance of the conditions, the whole tax became due and collectible. The acceptance of a part of the debt when the whole is due cannot be construed into a waiver of the right to collect the remainder.

Nor can the sureties take any benefit under the resolutions of the Legislature, adopted on the 16th of February, 1874, purporting to extend the time of the settlement of the one fourth of the over-due taxes, to the 1st of April, 1874; for the reason, that those resolutions also have a *proviso*, requiring as a condition precedent, that the Sheriff should pay certain costs upon an action then pending for these taxes. The case does not show that these costs have been paid. There are other fatal objections to these resolutions operating as an extension of time to collect the taxes, for the non-collection of which a judgment had already been taken.

If the Sheriff had brought himself within the *proviso* of the Act of December the first, Laws of 1873–'74 ch. 4, by a compliance with the conditions precedent, it does not follow that the sureties upon his bond, would then have been discharged. A distinction is made between private bonds, individual and corporate, and public official bonds, given to secure the performance of continuous public duties, affecting the general welfare. The collection of public taxes must be conducted under the continuous supervision and control of the legislative branch of the government. The laws affecting the assessment and collection of the public revenues, must be from time to time made more or less rigorous in their enforcement, or otherwise modified to conform to the existing condition of the country, the depression of trade, the failure of crops, the scarcity of money and other causes, often delicate and complex, as affecting the sensitive subject of taxation. The power which imposes the burden of

taxation, is the sole power that can legally indulge, miti-gate or suspend the assessment and collection of the reve-nues. Every collecting officer therefore accepts office and gives bond, affected with notice and subject to the exercise of this right of sovereignty. It enters into and becomes a part of the contract with the State, and is as binding upon the bondsmen, as any express condition of the bond. The Sheriff took the office and executed the bond, subject to the power of the Legislature to control its duties, as the public good might require. *Bunting* v. *Gales,* 77 N. C. 283 ; *Hoke* v. *Henderson,* 4 Dev. 1; *Head* v. *University,* 19 Wall. 526 ; *Cotten* v. *Ellis,* 7, Jones 545 ; Cooley on Taxation 502 ; *State* v. *Carleton,* 1 Gill. (Md.) 249–57 ; *Bennett* v. *The Auditor,* 2 W. Va. 441.

It can admit of no doubt that in passing the Act relied on by the plaintiffs, the legislature never intended to release the sureties on the bonds of every Sheriff in the State ; for the Act applies to all. It is equally evident that the sure-ties did not believe they had been released, and that in this case it was an after-thought ; for not only was judgment taken on the bond in January, 1874, and an execution there-on issued in May following, which was levied on all the property of the sureties, real and personal, but in fact $4.-000 had been paid or collected under the execution, from whom is not stated. In December, 1874, another execution was issued to collect the remainder of the judgment, and again levied on the property of the sureties, which was ad-vertised for sale ; and it was not until the 29th of March, 1875, that they awoke to the belief that they had been dis-charged as sureties, as long back as 1873. If this proceed-ing had been a motion to vacate the judgment in the proper Court, after that delay and under such circumstances, we presume that the Court below would not have granted it.

We do not decide that the plaintiffs should not have

sought relief by a motion in the cause, which in general is the appropriate remedy; because it is the interest of the State and desire of the parties, that the case should be disposed of upon the merits. The) plaintiffs therefore *pro hac vice* can have the benefit of the jurisdiction, and as they have no merits, the action will be dismissed.

There is error.

PER CURIAM.   Judgment reversed and action dismissed.