THE STATE, USE OF HOLMES COUNTY, *v.* S. W. SWINNEY ET AL.

1. BOND. *Tax collector. Default. Release of sureties. Act extending time of collection.*
   An act of the Legislature extending the time for the collection of taxes and for settlement therefor by the collector, though passed after the execution of the bond, and without the consent of the sureties, does not release the sureties on the collector's bond from liability for his failure to collect and pay over the taxes as required by law; but the sureties must be held, in such case to have signed the bond with full knowledge of the right of the Legislature to enact such a statute, and subject to the exercise of that right at pleasure.

2. PLEADING. *Matters objectionable by special demurrer    Code 1880, sect. 1567.*
   Under sect. 1567 of the Code of 1880 no pleading is insufficient for any defect, which, prior to the time that Code went into operation, could have been objected to only by special demurrer.

APPEAL from the Circuit Court of Holmes County.

Hon. C. H. CAMPBELL, Judge.

On the 13th of March, 1882, an action was brought in the name of the State, suing for the use of Holmes County, against J. S. Hoskins and his sureties, on his bond as tax-collector of that county, for two several sums of money, for the years 1876 and 1877 respectively, which, it was declared, he had collected and failed to pay over to the treasurer of the county as the law required of him and as he was bound by

the terms of his bond to do. 'J. W. Swinney and the other sureties filed eleven pleas to the action, but it is only necessary to mention the first four here. To the first and second pleas the plaintiff opposed a demurrer, pointing out specially many formal defects in those pleas. The demurrer was overruled.

The third plea set up the defence that, "after the signing of said bond by said defendants, the said plaintiff, without the consent of the said defendants, on the twelfth day of January, 1877, by an act of the Legislature of the State of Mississippi, approved on said day and entitled 'An act to provide for the collection of the outstanding revenue for the fiscal year 1876,' altered, changed, and extended the time for the collection of taxes due the State of Mississippi and the county of Holmes, and the time for the payment thereof by the said Hoskins to the State and county treasuries; whereby said defendants were released as sureties on said bond."

The fourth plea contained the same defence as the third, except that the act of the Legislature relied upon in the latter as releasing the defendants as sureties on the bond was an act entitled "An act in relation to the public revenue and for other purposes," approved February 1, 1877. To the third and fourth pleas demurrers were filed and they, too, were overruled. The plaintiff declined to plead over and appealed to this court.

*C. V. Gwin*, for the appellant.

As a general, rule the Legislature may impose new duties upon tax-collectors, or alter and change the time and manner of performing old duties, without discharging the sureties of the collector. The only limitation upon this right is that the new duties shall concern and have reference to the public revenue. A tax-collector and his sureties enter into their bond in contemplation of the fact that the revenue laws of a State must be changed and altered as public exigency may require, and this fact is as much a condition of the bond as if it was specially named.

If this were not true then the law in force with reference to the public revenue, on the day that the tax-collector qualifies and enters upon the discharge of his duties, must remain unchanged for the two years during which he holds his office, or else the revenue of the State must go into the hands of officers whose sureties have been discharged from all liabilities.

If this were not true the rate of taxation could not be lessened, persons and property, at the time exempt, could not be made subject to taxation.    No matter how insufficient the revenue might be to meet the needs of the State or county, not a mill could be added to the rate.

No matter how overwhelming the misfortunes of the taxpayers, not a day could be given them in extension for the payment of their taxes, without damages, or without distress and sale of their property.

The sureties of an officer upon his official bond are liable for the faithful performance of all duties imposed which properly belong to and come within the scope of the office, whether imposed by laws enacted previously or subsequently to the execution of the bond.  Brandt on Sure., sects. 469, 470 ; *Illinois* v. *Ridgway*, 12 Ill. 14 ; *Smith* v. *Peoria*, 59 Ill. 413–425 ; *The People* v. *Vilas*, 36 N. Y. 459 ; *Mooney* v. *The State*, 13 Mo. 71 ; *Coulter* v. *Morgan*, 12 B. Mon. 278 ; *The People* v. *McHutton*, 2 Gilm. 216 ; *Prairie* v. *Worth*, 78 N. C. 169 ; *The State* v. *Carleton*, 1 Gill, 249–257 ; *Bennett* v. *The Auditor*, 2 W. Va. 441 ; *Kindle* v. *The State*, 7 Blackf. 586 ; *Borden* v. *Houston*, 2 Texas, 594 ; *King* v. *Nichols*, 16 Ohio St. 80 ; *United States* v. *Gaussen*'s *Exr.* 2 Woods, 92 ; *Boochy* v. *United States*, 1 Woodb. & M. 150.

The condition of the bond is, " * * * and will promptly pay into the State and county treasuries all money collected by him, and to which said treasuries shall be respectively entitled ; and that he will in all things truly and faithfully execute and perform all the duties of tax-collector of his county * * * so long as he shall continue in office."

The terms, " that he will in all things " " execute and perform all the duties of tax-collector " embrace such duties as were then prescribed, as well as such other duties as might be prescribed by the Legislature during the continuance of the term of office. *Prairie* v. *Worth,* 78 N. C. 169 (1878); *The People* v. *Vilas,* 36 N. Y. 459; *The State* v. *Carleton,* 1 Gill, 249; *Kindle* v. *The State,* 7 Blackf. 586; *Bennett* v. *The Auditor,* 2 W. Va. 441; *The People* v. *McHutton,* 2 Gilm. 216; *Smith* v. *Peoria,* 59 Ill. 413–425; *Bunting* v. *Goles,* 77 N. C. 282; *Hoke* v. *Henderson,* 4 Dev. 1; *Head* v. *University,* 19 Wall. 526; *Collin* v. *Ellis,* 7 Jones L. 545.)

*H. S. Hooker,* for the appellees.

If the State, through its Legislature, extends the time for collection of taxes, increasing and changing the liabilities of the surety without any reservations of its rights against the surety and without the assent of the surety, she thereby releases the surety as effectually as if a private creditor had extended the time of payment by his principal debtor without the assent of the surety.

In the case of *United States* v. *Samuel and John Howell* (reported 2 Am. Ld. Cas. 272), it was held that if the creditor, whether the United States or an individual, gave time to the principal in a bond prior to the breach of the obligation without the consent of the security, the security is discharged and he may set up the defence at law. It is now settled that it is immaterial as to the time when the extension was given, and that in either case the defence can be availed of in a court of law. *Bank of Steubenbille* v. *Leavitt,* 2 Am. Ld. Cas. 275. In notes by the editor (p. 305), it is said the general maxim, that the assent of all parties is to be presumed to the act of the law, will not be applied in cases of this nature, and it was held in the cases of *Davis* v. *The People,* 1 Gilm. 409, and *The People* v. *M'Hutton,* 2 Gilm. 638, that an act of the assembly giving further time of payment to a collector, might be pleaded to an action brought by the Commonwealth

against his sureties.    These were actions against the sureties, and the Legislature, having materially modified the liability of the sureties, they had the right to say *in haec fidera non veni.*    Their liability has always been held to be *strictissimi juris,* and cannot be extended beyond the exact terms of their undertaking.    Cooley, in his work on Taxation, pp. 501 and 502, says the position of the surety is materially different from that of the officer himself; the latter has the obligation of the law imposed on him to perform its duties, but the former has only entered into a contract and consented to be bound by that, but by nothing else.    The law creates no obligation for him whatever.    If any alteration is made in the contract of the surety without his consent he is discharged.    See p. 501 and 502.

In the case of *Johnson* v. *Harker,* 2 Cent. L. J. 625 (8 Heisk. 388), this matter was twice discussed before the Supreme Court of Tennessee.    In a luminous and conclusive argument the court holds that the sureties are discharged.    The argument was advanced and pressed that the law was not binding, but alterable at the pleasure of the State.    But the court held that the act granting the indulgence was binding and conclusive upon every one until it was repealed, and that under the principles of the law governing these contracts, if the State had disabled herself from proceeding against the officer for any period of time, the sureties were discharged.

This case was followed, in 1878, by the decision of *The State, use of Carroll County* v. *Roberts,* 68 Mo. 234, in which the same doctrine, after an elaborate investigation, is announced.    The court refer with approbation to the opinion of Nicholson, C. J., in the Tennessee case.    See also cases referred to in the opinion of the court.    *Prairie* v. *Jenkins,* 75 N. C. 546, and other cases cited.    Reason and the right of authority demand that the Legislature, by its acts, shall not preclude itself for a moment of time from enforcing its claims against its officers and thereby imperil the sureties.    Whilst the State demands sureties for its officers, those sureties have the right to demand

of the State that there shall be no material change or modification of the officer's duty, to their peril, without their consent.

Campbell, C. J., delivered the opinion of the court.

We decline to follow the courts of Illinois, Tennessee, and Missouri, in their views that sureties on the bond of a tax-collector are discharged by an act of the Legislature passed after the execution of the bond, without their consent, giving further time for the collection of taxes and settlement by the officer, and we embrace and declare the more just and politic doctrine, of the courts of Virginia, Maryland, and North Carolina, and hold that the official bond of the tax-collector is given with a full knowledge of the right of the Legislature to alter the dates fixed by law for the collection of taxes and the settlement of the collector, and subject to the exercise of that right at the pleasure of the Legislature, without the assent of the sureties. *The Commonwealth* v. *Holmes*, 25 Gratt. 771; *Smith* v. *The Commonwealth*, 25 Gratt. 780; *The State* v. *Carleton*, 1 Gill, 249; *Prairie* v. *Worth*, 78 N. C. 169. See also *Smith* v. *Peoria*, 59 Ill. 412; *Bennett* v. *The Auditor*, 2 W. Va. 441; Cooley on Tax. 502.

The demurrer to the third and fourth pleas should have been sustained.

The criticism of counsel for the appellant on the first and second pleas is a just one, but it relates to their form rather than substance, and formerly they would have been held bad on special demurrer, but are not now assailable. Code 1880, sect. 1567.

It is unnecessary to express an opinion as to the breach of the bond thirdly assigned, in view of the declaration of counsel for appellant that it was added by mistake.

The judgment is reversed, the demurrer to the third and fourth pleas is sustained, and leave given to the defendants to answer over, and cause remanded.