COMMISSIONERS v. STEDMAN.

(Filed May 22, 1906).

*Taxation—Commissions to Sheriff—Reduction During Term —Legislature—Construction of Act.*

1. Where sec. 91, chap. 590, Acts 1905, fixes the commissions to be paid to the sheriff at five per cent on all taxes, etc., up to the sum of fifty thousand dollars, and upon all sums in excess thereof, at two and one-half per cent, the direction to the auditor contained in section 92 to deduct five per cent, cannot, by implication, repeal the clearly expressed limitation upon the commissions given the sheriff, and this is clearly an inadvertence.

2. Where one provision expresses the principal purpose and object of the Legislature, the language used will control and guide in construing a section or clause providing the details by which the primary purpose is to be effectuated.

3. While the office of the sheriff is a constitutional one, yet the regulation of his fees is within the control of the Legislature, and the same may be reduced during the term of the incumbent.

CONTROVERSY without action under section 803 of the Revisal, by the Board of Commissioners of New Hanover County and State of North Carolina, against F. H. Stedman, sheriff, heard by *Judge Jas. L. Webb*, at the Spring Term, 1906, of the Superior Court of NEW HANOVER. From a judgment for the plaintiffs, the defendant appealed.

This was a controversy without action submitted to the court upon an agreed state of facts. The defendant, F. H. Stedman, sheriff of New Hanover County, was duly elected sheriff of said county for a term of two years at the general election held in the month of November, 1904, and on the first Monday in December, 1904, duly qualified as such officer as required by law, and has filed with the board of commissioners of New Hanover County his bond in the sum of one hundred thousand dollars, as he was required to do, and

that his term expires on the first Monday in December, 1906. That since said qualification and filing of said bond the defendant has acted, and is still acting, as sheriff in and for the said county of New Hanover, and is performing all of the duties of the said office, as provided for by law, and is entitled to all the emoluments thereof, whatever the sum may be. That as such sheriff he is authorized, and it is his duty, to collect taxes for said county, and for the year 1905 he has collected State and county, school and special taxes amounting to $135,200. That the said plaintiffs have demanded of him a settlement of the taxes hereinbefore referred to as collected, and the said defendant agrees and offers to make a settlement thereof, and offers to pay at any time the full amount of said collections, less 5 per cent commissions on each and every sum which is collected, as commissions for his service in making said collecton, and no more. The plaintiffs offer to make settlement, but insist that a deduction of 5 per cent as commissions for sheriff's services in collecting said taxes be made on the total sum up to fifty thousand dollars, and two and one-half per cent made on all amounts in excess of fifty thousand dollars, and no more.

His Honor rendered judgment that defendant was entitled to five per cent commissions on $50,000 and two and one-half per cent on the amount collected by him in excess thereof. Defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the plaintiff.
*Rountree & Carr* for the defendant.

CONNOR, J., after stating the facts: Chapter 590, Acts 1905, provides: Sec. 91. "That the sheriff and tax collector shall receive five per cent on all taxes, license and privileges, collected by them for State, county, township, school district or other purposes whatsoever up to the sum of fifty thousand dollars, and upon all sums so collected by him in excess

thereof he shall receive two and one-half per cent commissions."

Section 92. "The auditor, in making the settlement of the amount due from the sheriff or tax collector aforesaid, *shall deduct from the list returned   *   *   *   five per cent commissions on the amount collected."

Defendant contends that section 92 is in conflict with section 91, in that while the first section fixes the commissions at five per cent on $50,000, and two and one-half per cent on the excess thereof, the next succeeding section directs the auditor, in settling with the sheriff, to deduct the five per cent on the whole amount. The point is also made, in the brief, that the rate of commission for collecting taxes cannot be reduced during the term of the incumbent, the office being of constitutional and not statutory creation. Counsel call to our attention the principle of construction, that, where two statutes or two provisions in the same statute upon the same subject conflict, the last in point of time will control, because it is the last expression of the legislative will. Conceding this to be true, the question remains whether there is a conflict, of which defendant can avail himself. Section 91 clearly fixes the commissions to be paid to the sheriff—he can not receive any amount in excess thereof. The direction to the auditor to deduct five per cent cannot, by implication, repeal the clearly expressed limitation upon the commissions given the sheriff. It simply directs the duty of the auditor and prescribes what deductions he may make, the commissions being the third item in the enumeration. If it be conceded that there is a conflict, and that both sections are to stand as written, the amount left in the hands of the sheriff in excess of his commissions as provided in section 91 could not be applied to his own use, but would be held as public money to be accounted for. The defendant contends that as the statute fixing the sheriff's commissions prior to 1905 gave him five per cent on the total amount collected,

and the Act of 1905 was a revision of the Machinery Act, the same construction will prevail as before the revision, unless the language plainly requires a change of construction. Conceding this to be true, the language of section 91 manifests a clear and well considered change in the law fixing the commissions. But for the language of section 92 there would be no reason for construction of section 91. If the language of section 91 was of doubtful meaning, we would apply the principle correctly stated by defendant. The difficulty does not arise from that quarter. Hence, the principle does not apply. The principle upon which we think the solution of the question depends is that where one provision expresses the principal purpose and object of the Legislature, the language used will control and guide in construing a section or clause providing the details by which the primary purpose is tc be effectuated. The primary purpose here is to fix the sheriff's commissions for collecting taxes. The settlement with the auditor is a matter of detail containing directions to that officer, and must be construed with reference to the primary provision. The third sub-section of section 92 is clearly an inadvertence. We cannot attribute to the Legislature the intention to repeal a clearly expressed purpose in regard to an important matter by a provision immediately following, providing the manner of making the settlement. Section 92 must, therefore, be construed in the light of section 91, directing the reduction of the commissions prescribed by that section. *Fortune v. Comr's,* 140 N. C., 322.

In regard to the second point, it is true that the case of *Mial v. Ellington,* 134 N. C., 131, does not affect the status, or rights, of the sheriffs,—his being a constitutional office. The regulation of his fees, however, is within the control of the General Assembly. He takes his office, not by contract, but by commission, subject to this power in the Legislature. The Constitution fixes no fees whatever. *Bunting v. Gales,* 77 N. C., 283. "The office is constitutional, it is true, but

the duties are statutory.  *   *   *   The Legislature may, within reasonable limits, change the duties and diminish the emoluments of the office if the public welfare requires it to be done, and to this the incumbent must submit." *Fortune v. Comr's, supra,* in which the law is discussed and the authorities cited by *Mr. Justice Walker.*

The judgment must be

Affirmed.