N. B. MILLS ET AL. v. J. M. DEATON ET AL.

(Filed 8 December, 1915.)

**1. Public Officers—Sheriffs—Salaries and Fees—Legislative Control.**

One who accepts a public office does so, with well defined exceptions as to certain constitutional offices, under the authority of the Legislature to change the emoluments he is to receive for the performance of his duties, at any time, and, while the office of sheriff is a constitutional one, the regulation of his fees is within the control of the Legislature, and the same may be reduced during the term of the incumbent, or he may therein be compensated by a salary instead of on a fee basis.

**2. Same—"Back Taxes"—Interpretation of Statutes.**

Where the Legislature has enacted that, after a certain date, a sheriff of a county shall be compensated with a salary in lieu of all commis-

sions, and not, as theretofore, by fees, specifically providing that all fees, commissions, etc., on taxes collected, etc., "now belonging to or appertaining to, or hereafter by law belonging or appertaining to the sheriff by virtue of his office, shall faithfully be collected by him and turned over to the sheriff of the county," and back taxes are collected by the sheriff after the date whereon he was to be compensated by a fixed salary, it is *held*, that it was the intent and meaning of the statute that the salary should be for the full performance by the sheriff of his duties as such, and that he is required to pay all commissions for the collection of the back taxes to the county treasurer for the benefit of the county. This interpretation is emphasized by another section of the act construed, which indicates that the county commissioners were to have control over the collection of back taxes.

APPEAL by plaintiff from *Lane, J.*, at October Term, 1915, of IREDELL.

This is a controversy without action submitted upon a case agreed. From the judgment rendered the plaintiffs appealed.

*L. C. Caldwell and W. D. Turner for the plaintiffs.*
*R. B. McLaughlin and Dorman Thompson for the defendants.*

BROWN, J. The plaintiffs are the commissioners of Iredell County and instituted this proceeding against the sheriff and his bondsmen for the purpose of determining the right of the sheriff to commissions for collecting taxes of 1914 after the first Monday in December of that year. The sum involved is $635.71, being commissions upon the sum of $12,714.26 collected after the first Monday in December, 1914, upon the tax lists of that year, which went into the sheriff's hands 1 October, 1914.

From the facts as agreed upon in this case it will be found: That J. M. Deaton was elected sheriff of Iredell County for the term beginning on the first Monday in December, 1912, and ending on the first Monday in December, 1914, and was reëlected sheriff of Iredell County for the term beginning on the first Monday in December, 1914; that as sheriff for the term beginning on the first Monday in December, 1912, the tax books for the year 1914 were placed with him as sheriff for collection on 1 October, 1914; that the Legislature, at its session in the year 1913, passed what is called a "salary law" for Iredell County, placing the officers of said county on a salary, said act being chapter 519, Public-Local Laws 1913, and went into effect the first Monday in December, 1914; that the said J. M. Deaton retained the commissions on all taxes of the year 1914 collected by him after the first Monday in December, 1914, and during the remainder of said month, claiming that said commissions were due him as the retiring sheriff of Iredell County, and that the right to receive said commissions was in no way affected by the said "salary law."

The right of the General Assembly to change the method of compensation provided by law for a sheriff cannot be denied. The Legislature

may, within reasonable limits, diminish the emoluments of an office by the transfer of a portion of its duties to another office, or by reducing the salary or the fees, for the incumbent takes the office subject to the power of the Legislature to make such changes as the public good may require. There are offices created by the Constitution which are placed beyond the control of the General Assembly, so that body can neither abolish the office nor reduce its compensation. *Mial v. Ellington,* 134 N. C., 131; *Bunting v. Gales,* 77 N. C., 283.

While the office of sheriff is a constitutional one, yet the regulation of its fees is within the control of the Legislature, and the same may be reduced during the term of the incumbent. *Comrs. v. Steadman,* 141 N. C., 448.

This case turns, therefore, upon the construction of the act of the General Assembly. It is apparent that, so far as the county of Iredell is concerned, the Legislature intended to abolish the fee system and substitute the salary law in lieu thereof for all county officers. It is manifest that the act requires the sheriff to collect the taxes of the county for the salary provided.

It also specifically provides "that all fees, commissions of five per cent on taxes collected, and all other commissions, profits and emoluments of all kinds now belonging or appertaining to, or hereafter by law belonging to or appertaining to the sheriff by virtue of his office, shall be faithfully collected by him and turned over to the treasurer of said county."

This explicit language leaves no room for construction. When the sheriff received the tax list 1 October, 1914, he was required by law to collect them upon a commission basis, and when that was changed to a salary the sheriff was likewise compelled to collect the taxes for the salary fixed. It does not matter that the present sheriff was elected or whether some one else had been elected in his place. The office of sheriff is one and indivisible, and the salary fixed for it under this statute is intended to cover all the duties except some minor matters provided for in section 1, which it is unnecessary to notice.

Section 4 of the statute provides that on the first Monday of December of each year all taxes levied for the preceding year yet remaining unpaid shall be turned over to the board of commissioners of Iredell County, and it further provides that they may add ten per cent against the taxpayer for failure to pay, and that the commissioners may appoint tax collectors to collect upon a commission fixed by the statute. This would indicate that the Legislature intended to give the county commissioners full control over what is called "back taxes," so as to provide for their more thorough collection.

In construing this statute we have adopted that sense which harmonizes best with the context, and which is consonant with the apparent policy and purposes of the Legislature. It was not the purpose of the

General Assembly to either increase or diminish specifically the emoluments of the sheriff's office. Its purpose was to abolish the fee and commission system entirely, and to provide a salary instead. It is difficult to conceive that the General Assembly intended that the sheriff should receive his salary commencing the first Monday in December, and, at the same time, continue to collect the taxes of 1914 and receive the emoluments provided by law before any salary was fixed. The sheriff, of course, has a right to his commissions upon all taxes collected for the year 1914 up to the first Monday of December of that year, and those commissions should be allowed him. After that he must continue to collect the taxes for 1914 as a part of the duties of his office, and as compensation for which a salary of $3,000 per annum is given "in lieu of *all other compensation whatever.*"

The judgment of the Superior Court is reversed and the cause remanded, with instructions to enter judgment for the plaintiff upon the case agreed.

Reversed.