N. S. THOMPSON v. BOARD OF COMMISSIONERS OF PERSON COUNTY.

(Filed 27 April, 1921.)

**Sheriffs—Fees—Salaries—Duties—Distilleries—Statutes.**

> The fees or emoluments incident to a sheriff's office enumerated in Rev., 2777, and extended by ch. 807, Public Laws of 1909, to allowance for the seizure and destruction of illicit distilleries, are excluded by a public-local law applicable to a certain county, subsequently enacted, but prior to the commencement of the term of the incumbent, wherein it is provided that the sheriff shall turn over to the county treasurer all moneys collected from fees, and receive a specified sum as a salary in

lieu of his fees, with exception only of certain fees allowed to his township deputy in certain instances, the duty to seize the illicit distilleries being the same as any other required of him as sheriff of the county.

APPEAL by defendant from *Horton, J.,* at February Term, 1921, of PERSON.

Civil action brought by plaintiff to recover of defendant, board of commissioners, twenty dollars for each and every illicit distillery seized and captured by him during his term of office as Sheriff of Person County, from December, 1912, to December, 1920. Plaintiff's claim is based upon ch. 807, Public Laws 1909, which provides that it shall be the duty of the sheriff of each county to search for and seize any illicit distillery, and that he shall be allowed the sum of twenty dollars for every such distillery so seized and destroyed according to the provisions of said act.

Defendant filed a demurrer to the complaint bottomed on ch. 214, Public-Local Laws 1911, which provides that, beginning with the first Monday in April, 1911, the public officers of Person County shall be placed upon a salary basis; and that the sheriff "shall receive a salary of fifteen hundred dollars per annum in lieu of all other compensation whatsoever," etc.

Judgment was entered overruling the demurrer, and defendant appealed.

*F. O. Carver* for plaintiff.
*Robert P. Burns* for defendant.

STACY, J. We think the demurrer should have been sustained under authority of *Mills v. Deaton,* 170 N. C., 386, and *Abernethy v. Comrs.,* 169 N. C., 631.

The method of remunerating the officers of Person County for their services was changed from the old fee system to a salary basis by ch. 214, Public-Local Laws 1911. This law provides (section 1) that the sheriff of said county may appoint a deputy in each township, who shall receive the fees for serving processes of all kinds and commissions on executions. Section 2 provides: "All other fees, commissions, profits, and emoluments of all kinds now belonging or appertaining to or hereafter by any law belonging or appertaining to the sheriff by virtue of his office shall be faithfully collected by him and turned over to the treasurer of said county, to be disposed of as hereinafter provided." It is stipulated in section 4 that "the said sheriff shall receive a salary of $1,500 per annum in lieu of all other compensation whatsoever, and shall appoint one office deputy at a salary of $500 per annum."

The fees and emoluments incident to the sheriff's office at the time of and prior to the passage of this act were those enumerated in section 2777 of the Revisal of 1905, plus commissions derived from the collection of taxes and allowances made to sheriffs under ch. 807, Public Laws of 1909, for the seizure and destruction of illicit distilleries. It was as much the duty of the sheriff to seize a distillery when used for the manufacture of intoxicating liquors, in violation of the laws of North Carolina, as it was to serve a summons, and he was made an allowance by statute for the one as well as for the other. The obligation and corresponding reward, in both instances, were reciprocal and coequal. We think the two stand upon a parity and were affected alike by the new law.

In lieu of all such fees and compensation whatsoever incident to the sheriff's office, it was provided in the salary act for Person County that he should receive a fixed stipend of $1,500 per annum. This was the law when plaintiff was elected and inducted into office on the first Monday in December, 1912. His yearly compensation was then fixed, and under the clear wording of the statute he may not receive more for discharging his duties as sheriff of said county.

The case of *Comrs. v. Bain,* 173 N. C., 377, is easily distinguishable from the one at bar, as the facts there presented are materially different from those now appearing. That case dealt only with the uncollected tax levies held by the retiring sheriff. Here a different question is involved, and no change in the law occurred during the plaintiff's term of office.

Let judgment be entered dismissing the action with costs.

Reversed.