DEVIN, J., dissenting.
CLARKSON and SCHENCK, JJ., concur in dissent.
Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to claimants, respectively.
The Commissioner hearing the cases found the following facts, which were later adopted and approved by the Full Commission. As to claimant, John T. Borders:
"1. J. R. Cline is the high sheriff of Cleveland County. He has more than five deputies sheriff and other helpers in connection with his office as sheriff of the county. He has purchased workmen's compensation insurance to cover his compensation liability. The American Employers' Insurance Company is the carrier.
"2. John T. Borders is a deputy sheriff duly appointed by J. R. Cline, the high sheriff of Cleveland County. He was instructed by the high sheriff to transport to Goldsboro, North Carolina, two insane Negro women. He was allowed five cents a mile for the use of his automobile and for the payment of his time for services rendered.
"3. He suffered an injury by accident which arose out of and in the course of his employment and has been totally disabled since the date of the accident.
"4. He was earning as wages less than $10.00 a week as deputy sheriff.
"5. He received his compensation for services rendered as a deputy sheriff in the form of fees for serving papers, for attending trials in criminal cases, and doing other services that a deputy sheriff is ordinarily called upon to do on a fee basis.
"6. It was the duty of the sheriff to transport the two insane Negro women to Goldsboro, North Carolina. The sheriff was paid for this transportation by the county commissioners and the sheriff, in turn, turned the money over to the deputy sheriff, John T. Borders."
As to claimants Hey Ross and Lon Bowers the same facts were found, except that the two were specially deputized to assist John T. Borders in transporting the two insane Negro women to Goldsboro.
Upon these findings the Commissioner and the Full Commission concluded that each of these claimants as deputy sheriff is an employee of *Page 474 
the sheriff under the provisions of the Workmen's Compensation Act and entitled to the protection of law. Thereupon an award was made to each of the claimants.
On appeal to the Superior Court the three cases were consolidated for hearing. Judgment was signed affirming the findings of fact and conclusions of law and award of the North Carolina Industrial Commission as to each of the claimants.
From judgment thereon in accordance therewith the defendants appealed to the Supreme Court and assigned error.
The question here involved: Is a deputy sheriff an employee of the sheriff, by whom he is appointed, within the meaning of the North Carolina Workmen's Compensation Act? We hold that he is not.
This specific question has not been passed upon by this Court. However, in the case of Starling v. Morris, 202 N.C. 564, at 568, Connor, J., stated: "The question as to whether the relation between the sheriff of a county in this State, and one who has been appointed by him as a deputy is that of employer and employee, within the meaning of those words as used in the North Carolina Workmen's Compensation Act is not presented by this appeal. In view, however, of the definition in the statute of the words `employment,' `employer' and `employee' as used there, it may well be doubted that a deputy sheriff is an employee of the sheriff by whom he was appointed, within the meaning of those words as used in the act."
In considering the question it is necessary to interpret the pertinent sections of the Compensation Act under appropriate rules.
The Workmen's Compensation Act should be liberally construed so as to effectuate the Legislature's intent or purpose which is to be ascertained from the wording of the act. 71 C. J., 341; Johnson v. Hosiery Co.,199 N.C. 38, 153 S.E. 591; Rice v. Panel Co., 199 N.C. 157, 154 S.E. 69;Reeves v. Parker, 199 N.C. 236, 154 S.E. 66; Williams v. Thompson,200 N.C. 463, 157 S.E. 430; West v. Fertilizer Co., 201 N.C. 556,160 S.E. 765.
Again, "The rule has been said to be, to construe a compensation statute so as to include all services which can reasonably be said to come under the provisions; thus, with regard to the employments to which they apply, the acts are to be construed liberally. . . . Even such a provision, however, will not permit a forced construction to be given to their wording; and, apart from such provisions, the rule of *Page 475 
liberal construction cannot be carried to the point of applying an act to employments not within its stated scope, or not within its intent or purpose, or of supporting a strained construction to include an occupation or employment not falling within it." 71 C. J., 359.
The words used in the statute must be given their natural or ordinary meaning. 71 C. J., 353; Asbury v. Albemarle, 162 N.C. 247, 78 S.E. 146;Comrs. v. Henderson, 163 N.C. 114, 79 S.E. 442; Whitford v. Ins. Co.,163 N.C. 223, 79 S.E. 501; Motor Co. v. Maxwell, 210 N.C. 725,188 S.E. 389; S. v. Whitehurst, ante, 300.
With these rules for guidance we find as the definitions of the words "employment," "employee" and "employer," as used in the North Carolina Workmen's Compensation Act, in so far as pertinent to facts of instant case, C. S., 8081 (i), a, b, and c, that: "(a) The term `employment' includes employment by the State and all political subdivisions thereof and all public and quasi-public corporations therein and all private employments in which five or more employees are regularly employed in the same business or establishment, except agriculture and domestic service and sawmills and logging operators in which less than fifteen employees are regularly employed." "(b) The term `employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written. . . ." "(c) The term `employer' means . . . every person carrying on any employment. . . ."
In reading these three sections it is seen that the word "employment" is the basic factor in determining who are "employees" and "employers" within the meaning of the act. Hence, the question: Is the position of deputy sheriff an "employment" as defined in that part reading, "All private employments in which five or more employees are regularly employed in the same business or establishment." Analyzing that clause it is seen that the word "employments" is limited by the adjective "private," and further by the words "business or establishment." In Webster's New International Dictionary, 2nd ed., we find the word "private" defined: "Belonging to, or concerning, an individual person, company or interest; peculiar to oneself; unconnected with others; personal; one's own; not public; not general; separate; as a man's private opinion; private property; a private purse; private expenses or interests; a private secretary; opposed to public. Not invested with, or engaged in, public office or employment; not public in character or nature; as a private citizen." The word "business" is defined as "A commercial or industrial establishment or enterprise." "Establishment" is defined as "An institution or place of business, with its fixed or organized staff, as a manufacturing establishment." These words, when given the natural or ordinary meaning, clearly indicate reference *Page 476 
to commercial or industrial employment of a private character as contra-
distinguished from public office.
The office of sheriff is constitutional. N.C. Constitution, Art. IV, sec. 24. It is a public office. Public office is not private property. Mialv. Ellington, 134 N.C. 131, at 162. A sheriff takes office, not by contract, but by commission subject to the power of the Legislature to fix fees and compensation for which the Constitution does not provide. Comrs.v. Stedman, 141 N.C. 448, 54 S.E. 269; Bunting v. Gales, 77 N.C. 283;Mills v. Deaton, 170 N.C. 386, 87 S.E. 123. The office of sheriff is one of public confidence and fidelity to a public trust, and cannot be a matter of bargain and sale. Cansler v. Penland, 125 N.C. 578,34 S.E. 683. In the main the duties of the office are prescribed by statute, Comrs. v. Stedman, supra, and are ministerial in character, and, as to such ministerial duties, it is implied, when not so provided by statute, that he may act by a substitute or deputy.Yeargin v. Siler, 83 N.C. 348; R. R. v. Fisher, 109 N.C. 1.
There is no statutory authority for appointment of deputies sheriff. However, "the deputy is an officer coeval in point of antiquity with the sheriff." Lanier v. Greenville, 174 N.C. 311, 93 S.E. 850.
"There are two kinds of deputies sheriff well known in practice: (1) A general deputy or under sheriff who, by virtue of his appointment, has authority to execute all the ordinary duties of the office of the sheriff, and who executes process without special power from the sheriff; and (2) a special deputy, who is an officer pro hac vice, to execute a particular writ in some certain occasion, and who acts under a specific and not a general appointment and authority." Lanier v. Greenville, supra.
It is said in 57 C. J., 731, sec. 4, "A deputy is the deputy of the sheriff, one appointed to act ordinarily for the sheriff and not in his own name, person or right, and although ordinarily appointed by the sheriff, is considered a public officer."
The duties and authority of a deputy sheriff relate only to the ministerial duties imposed by law upon the sheriff. How those duties are to be performed and the ends to be accomplished are as prescribed and directed by law, and not in accordance with the direction and discretion of the sheriff. By appointing a deputy the sheriff merely delegates to him the authority to execute ministerial functions of the office of sheriff. Those functions are of a public character.
The compensation of the fee deputy is that fixed by statute for the performance of duties required of the sheriff. It is paid as prescribed by statute and not by the sheriff.
"An employee is one who works for another for wages or salary, and the right to demand pay for his services from his employer would seem *Page 477 
to be essential to his right to receive compensation under the Workmen's Compensation Act, in case of injury sustained by accident arising out of and in the course of the employment." Stacy, C. J., in Hollowell v. Dept.of Conservation and Development, 206 N.C. 206, 173 S.E. 603, citing Inre Moore, 187 N.E. 219. Bashan v. County Comrs. (W.Va., 1933),171 S.E. 893.
In the instant case the claimant Borders is a regular deputy appointed by the sheriff, and received as his only compensation fees fixed by statutes. Claimants Ross and Byers were special deputies to assist in the execution of the writ issued by the clerk of the Superior Court under statutory authority, committing the insane persons to the hospital. C. S., 6193. The cost and expense of conveying these persons to the hospital in accordance with the writ is required to be paid by the treasurer of the county upon order of the board of county commissioners. C. S., 6202.
Claimants contend that the amendment to sec. 17 of the Compensation Act (sec. 2, ch. 274, Public Laws 1931) which permits any sheriff to exempt himself and any and all deputies appointed by him from the provisions of the act by notice in writing to the Industrial Commission, manifests the intent of the Legislature to include sheriffs and their deputies within the meaning of the act. If the wording of the original act be not sufficient to include them, then "sheriffs and their deputies" cannot be read into the meaning of the words, originally used, by an amendment permitting a sheriff to exclude himself and his deputies. "It is ours to construe the laws and not to make them." . . . "It is in the province of the law-making power to change or modify the statute, not ours." . . . "It is ours only to declare the law, not to make it . . ." Stacy, C. J., in S. v. Whitehurst, ante 300, citing authorities.
Claimants further contend that in view of the fact that the defendant sheriff has purchased compensation insurance to cover his compensation liability, the amendment to sec. 14 (b) of the Compensation Act (ch. 150, Laws 1935), C. S., 8081 (u) (b), affords a foothold upon which this case may stand. Holding that the relationship of employer and employee, within the meaning of the North Carolina Workmen's Compensation Act, does not exist between a sheriff and his deputy, the provisions of this amendment are not applicable to the case in hand. The defendant sheriff "purchased workmen's compensation insurance to cover his compensation liability."
The judgment of the court below is
Reversed. *Page 478