SMITH v. COLLINS-AIKMAN CORP.

865, 109 S. E., 789. *Walker, J.,* expressed it in this fashion: "The spirit, or reason of the law, prevails over its letter. The meaning of general terms may be restrained by the evident object, or purpose to be attained, and general language may be construed to admit implied exceptions, in order to accomplish what was manifestly intended. It is proper to consider the occasion and the necessity for its enactment, and that construction should be given which is best calculated to advance the object by suppressing the mischief and securing the benefits contemplated. If the purpose, and well ascertained object of a statute, are inconsistent with the exact words, the latter must yield to the controlling influence of the legislative will resulting from a consideration of the whole act." To like effect is the utterance of *Adams, J.,* in *Machinery Co. v. Sellars,* 197 N. C., 30, in these words: "It has been said that the letter of the law is its body; the spirit, its soul; and the construction of the former should never be so rigid and technical as to destroy the latter."

Sections 38 and 40, in clear language and in comprehensive detail, provide a legal method of determining compensation for fatal injuries. The last clause of section 29 is totally repugnant to the definite method of settlement prescribed in sections 38 and 40. Moreover, it cannot be merged or blended either with the spirit of the act or the language employed by the Legislature to convey and establish the intent of the lawmaker. Indeed, it is a sort of legal meteor wandering through legal space without substantial relation to any of the bodies which surround it.

The opinion of Commissioner Dorsett, approved by the trial judge, in our opinion correctly interprets the law, and we so hold.

Affirmed.

---

W. T. SMITH ET AL. v. COLLINS-AIKMAN CORPORATION, EMPLOYER, AND TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 23 April, 1930.)

(For Digest see *Smith v. Light Co., ante,* 614.)

CIVIL ACTION, before *Harris, J.,* 27 January, 1930. From PERSON.

Rosabelle Smith received an injury in the course of her employment, resulting in instant death.

The deceased left a husband and three small children, who, under section 39 of the Compensation Law, are conclusively deemed to be dependents. The insurance carrier offered to settle in accordance with the provisions of section 38 of the Compensation Act. The dependents

refused to accept the offer upon the ground that they were entitled to receive $6,000. A hearing was had and the Industrial Commission awarded a compensation of $7.50 per week for a period of 350 weeks, and in addition thereto, ordered that funeral expenses, not to exceed $200, and all medical bills be paid by the insurance carrier.

From the order so made, the dependents appealed to the full Commission. After considering the matter, the full Commission affirmed the award theretofore made in the cause. Whereupon, the dependents appealed to the Superior Court. The trial judge approved and affirmed the decision and award of the Industrial Commission, and the dependents appealed to the Supreme Court from said judgment.

*C. A. Hall and J. A. Bailey for plaintiffs.*
*Biggs & Broughton for defendants.*

BROGDEN, J. The identical question presented by this appeal was considered and decided in the case of *Hettie H. Smith, Administratrix, v. Carolina Power and Light Co., ante,* 614.

Affirmed.

---

ATLANTIC CHRISTIAN COLLEGE v. J. W. HINES, J. C. BRASWELL, AND NORTH CAROLINA BANK AND TRUST COMPANY, EXECUTORS OF J. W. HINES.

(Filed 23 April, 1930.)

1. **Charities A a—In this case held: condition of gift that certain sum in cash or equivalent be raised was complied with.**

The conditions of a gift to an eleemosynary corporation that other subscriptions be raised in a certain amount in cash or securities equivalent to cash by a stated time, is complied with if by the stipulated time other subscriptions in the amount stated have been secured for the purpose in bonds, securities, and promissory notes which could be realized upon and converted into cash in an amount exceeding the amount stipulated as a condition for the gift, and when this is established as a fact upon supporting evidence in the Superior Court, the judgment that the plaintiff recover the amount of the gift will be sustained on appeal.

2. **Same—Burden of proving that conditions of gift had been complied with is upon eleemosynary corporation.**

The burden of proof is on the plaintiff to show that the conditions precedent to a gift to an eleemosynary institution of learning have been performed in its action thereon.

APPEAL by defendants from *Cowper, Special Judge,* at March Term, 1930, of NASH. Affirmed.