GEORGE HERBERT REEVES, ALIAS GEORGE WILSON, EMPLOYEE, DECEASED, FRANCES WILSON, F. E. ALLEY, JR., ANCILLARY ADMINISTRATOR AND J. R. GARDNER, ADMINISTRATOR, v. PARKER-GRAHAM-SEXTON, INC., EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, CARRIER.

(Filed 2 July, 1930.)

1. Master and Servant F a—Compensation Act is to be liberally construed.

The provisions of the Workmen's Compensation Act are to be liberally construed to effectuate the legislative intent as gathered from the act to

award compensation for the injury or death of an employee arising out of and in the course of his employment, irrespective of the question of negligence.

**2. Master and Servant F g—Common-law wife of injured employee is not entitled to compensation under the act.**

The common-law wife of a deceased employee is not entitled to compensation under the provisions of the Workmen's Compensation Act.

**3. Same—If injured employee has no dependents compensation is payable to his personal representative.**

Where the death of an employee is compensable under the provisions of the Workmen's Compensation Act, and such deceased employee has no dependents, the compensation is payable to his personal representative for the benefit of his heirs under the provisions of the act.

**4. Master and Servant F h—Amount of compensation payable to personal representative is commutable under provisions of the act.**

While there is no computed amount provided by section 40 of the Workmen's Compensation Act for payment to the personal representative of a deceased employee for death resulting from an injury compensable thereunder, the act provides the method by which such amount can be commuted, which is payable to the personal representative for the benefit of the heirs at law of the deceased employee.

APPEAL by plaintiffs from *MacRae, Special Judge,* at April Special Term, 1930, of HAYWOOD. Reversed.

This is an appeal by the plaintiffs, J. R. Gardner and F. E. Alley, Jr., administrators of the estate of George Herbert Reeves, alias George Wilson, from a judgment of his Honor, Cameron F. MacRae, at the April Term, 1930, of the Superior Court of Haywood County, setting aside an award of the North Carolina Industrial Commission in favor of said administrators.

The action was originally commenced before the North Carolina Industrial Commission, and arose out of a claim for compensation on account of the death of the said George Herbert Reeves, alias George Wilson, who was fatally injured while in the employ of the defendant, Parker-Graham-Sexton, Incorporated.

Compensation for the death of said Reeves, alias Wilson, was claimed by one Frances Wilson, the alleged common-law wife of the deceased, and by J. R. Gardner and F. E. Alley, Jr., administrators of the estate of said deceased.

The case was first heard before Honorable J. Dewey Dorsett, of the North Carolina Industrial Commission, at Waynesville, North Carolina, on 10 January, 1930, and thereafter, on 5 February, 1930, Commissioner Dorsett filed an opinion in said case in which he denied the claim of the said Frances Wilson, and made an award in favor of said administrators for $4,497.32, less actual burial expenses not to exceed $200.00.

On 14 February, 1930, the defendants appealed from the award of Commissioner Dorsett to the full Commission. The case was heard before the full Commission on 24 February, 1930, and, thereafter, an opinion for the full Commission was filed by Chairman Matt H. Allen, in which the findings of fact and award of Commissioner Dorsett were adopted and affirmed.

Thereafter, on 27 March, 1930, the defendants gave notice of appeal from the aforesaid award of the full Commission to the Superior Court of Haywood County, and the case was heard, on said appeal, before his Honor, Cameron F. MacRae, at the April Special Term, 1930, of the Superior Court of Haywood County. Judge MacRae rendered judgment affirming the award of the North Carolina Industrial Commission insofar as the claim of Frances Wilson was concerned, and set aside that part of the award granting compensation to said administrators.

It is admitted that at the time of his death the deceased was in the employ of the defendant, Parker-Graham-Sexton, Incorporated; that the injury resulting in the death of the deceased arose out of and in the course of his employment; that the employer and the deceased employee, at said time, were subject to the provisions of the North Carolina Workmen's Compensation Act; and that the average weekly wage of the deceased, at the time of his death, was $24.78.

Frances Wilson did not appeal from the awards of the North Carolina Industrial Commission, nor from the judgment rendered by Judge MacRae, denying her claim to compensation, and, therefore, her right to recover is not involved in this appeal.

To that part of the judgment rendered by Judge MacRae, setting aside the award of the Industrial Commission in their favor, said administrators duly excepted, assigned error and appealed to the Supreme Court.

*J. R. Gardner and Alley & Alley for plaintiffs.*
*Rollins & Smathers for defendants.*

CLARKSON, J. This matter has been fully discussed in Reeves *v.* Parker, Vol. 1, p. 277, Advance Sheets, North Carolina Industrial Commission, opinion by Dorsett, Commissioner. It is there held: (1) Common-law marriage not recognized by either North Carolina or Tennessee: therefore common-law wife not a widow under the act. (2) Under section 40, where deceased leaves no dependents, personal representative entitled to same amount as those wholly dependent," citing case of Freeman *v.* Motor Company, Vol. 1, p. 283, holding: "Deceased employee leaving no dependents, personal representative entitled to pay-

ment of commuted value of .60 per cent of average weekly wages of deceased for 350 weeks less funeral expenses."

An appeal was taken to the full Commission from the findings of fact and award, and the opinion of Commissioner Dorsett was affirmed and adopted.

Allen, chairman of the Commission, says: "It was admitted that plaintiff was duly and regularly employed by the defendant Parker-Graham-Sexton, Inc., and that the accident and death arose out of and in the course of his employment, and that his average weekly wages was $24.78. Upon the foregoing, Dorsett, Commissioner, ordered award, providing for the payment to Gardner and Alley, administrators, the sum of $4,497.32, less burial expenses not to exceed $200.00, this being the commuted value of $14.87 for three hundred and fifty weeks. . . . Upon the question as to the right of the personal representative to recover where there are no dependents, this Commission, in Freeman *v.* B. & N. Motor Co., *et al,* Docket No. 216, has held that the personal representative is entitled to recover the commuted value of sixty per centum of the average weekly wages of the deceased, less the burial expenses not to exceed $200.00."

We are now called upon to sustain or reverse the Industrial Commission. We think the opinion of the Commission should be upheld.

We have to construe two sections of the Workman's Compensation Law, Pub. Laws of 1929, chap. 120, as follows:

"Sec. 40. If the deceased employee leaves no dependents, the employer shall pay to the personal representative of the deceased the commuted amount provided for in section 38 of this act, less the burial expenses which shall be deducted therefrom."

"Sec. 38. If death results proximately from the accident and within two years thereafter, or while total disability still continues, and within six years after the accident, the employer shall pay for or cause to be paid, subject, however, to the provisions of the other sections of this act in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of accident, a weekly payment equal to 60 per centum of his average weekly wages, but not more than eighteen dollars, nor less than seven dollars, a week for a period of three hundred and fifty weeks from the date of the injury, and burial expenses not exceeding two hundred dollars," etc.

This is a new act and should be liberally construed to effectuate the legislative intent to give compensation to workmen.

It was earnestly argued on the hearing by defendants that this act put the burden on industry and the General Assembly did not intend to provide compensation in those cases where a deceased employee leaves no dependents.

In the Freeman case, *supra,* at p. 326, opinion by Allen, chairman, says: "It is admitted by counsel for the defendant, and the Commission will take judicial notice of the fact, that the premium rates in North Carolina are based upon the payment to the personal representative in cases of death, where there are no dependents, of sixty per centum of the average weekly wages of the deceased at the time of his death. The rate-making authorities found the words of section 40 as plainly expressive of an intent, and accordingly fixed the rates."

The defendant, Travelers Insurance Company, having been paid the premium by defendant Parker-Graham-Sexton, Inc., employer, to pay compensation in death cases where there are no dependents, as in the present case, is hardly in a position to complain.

Section 71 of the act, latter part, in reference to the agreement of the insurer, says: "Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation enforceable in his name."

The burden is on industry to repair material used in the operation of its works, and under this act the burden is to take care of the human wrecked or killed, whether having dependents or not, and that is the fine purpose of the act agreed upon by employer and employee. The act provides that the burden is not only to provide compensation for those who have dependents, but also for those who have no dependents. The intent of the act was to give equal rights upon the death of the employee who came within the language of the act, whether he has dependents or not. An employee's life is of value to dependents, and it is unthinkable that it should not be so to the next of kin.

We quote some of the pertinent sections of the act, showing that the General Assembly unquestionably made provisions that those who did not have dependents that the personal representatives had a cause of action:

Section 4 of the act: "From and after the taking effect of this act every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation *for personal injury or death by accident arising out of and in the course of the employment,* and shall be bound thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided."

Section 11 of the act, in part: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act, respectively, to pay and accept compensation on account of personal injury or death by accident, *shall exclude all other rights and remedies of such employees, his personal representative,* parents, dependents or next of kin, as against employer at common law, or otherwise,

on account of such injury, loss of service, or death: *Provided, however,* that when such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. . . . The acceptance of an award under this act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party. If the injured employee, his personal representative or other person entitled so to do, has made a claim under this act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, institute such action prior to the making of an award hereunder," etc. There are other provisions in this section not necessary to set forth.

Under the sections above quoted, according to the contentions of defendants, an employee who had no dependents, his life is worthless, no matter how negligent his employer may be. The Compensation Act, section 40, gives the personal representatives an action, as set forth in section 4, *supra,* "for personal injury or death by accident arising out of and in the course of the employment."

The Compensation Act discarded the theory of fault as the basis of liability and the act confers an absolute right of compensation on all those who come within the above provisions. The compensation is "for personal injury or death by accident arising out of and in the course of the employment." *Conrad v. Foundry,* 198 N. C., 723; *Johnson v. Hosiery Co., ante,* 38; *Chambers v. Oil Co., ante,* 28.

The latter part of section 2(b), says: "Any reference to an *employee* who has been injured shall, when the employee is dead, include *also his legal representative, dependents, and other persons to whom compensation may be payable.*"

The latter part of section 29, "In case of death the total sum paid shall be six thousand dollars, less any amount that may have been paid as partial compensation during the period of disability, payable in one sum to the *personal representative of deceased.*"

The Court, in construing section 29, in *Smith v. Light Co.,* 198 N. C., at p. 621, says: "Sections 38 and 40, in clear language and in comprehensive detail, provide a legal method of determining compensation for fatal injuries. The last clause of section 29 is totally repugnant to the definite method of settlement prescribed in sections 38 and 40. Moreover, it cannot be merged or blended either with the spirit of the act or the language employed by the Legislature to convey and establish the intent of the lawmaker. Indeed, it is a sort of legal meteor wandering through legal space without substantial relation to any of the bodies which surround it." *Smith v. Collins-Aikman Corp.,* 198 N. C., 621.

All *through* the act "personal representative" is mentioned, indicating a fixed purpose by the General Assembly that compensation should be awarded, where there are no dependents, to the personal representative. While there is no commuted amount provided for in section 38, there is an amount which can be commuted. We think the opinion in *Smith v. Light Co., supra,* settles this matter. The opinion of the Industrial Commission, under the facts and circumstances of this case, express the intent of the act, and we see no reason to disturb the award made. The judgment of the court below is

Reversed.