WILLIE GREENWAY, DECEASED, ELLEN MOORE GREENWAY, WIDOW, V. RIVERSIDE MANUFACTURING COMPANY, EMPLOYER, AND LUMBER-MEN'S MUTUAL CASUALTY COMPANY.

(Filed 20 June, 1934.)

**Master and Servant F e—Evidence held to support finding that deceased was in employ of company obtaining insurance and was covered by policy.**

There was evidence before the Industrial Commission to the effect that a company had obtained compensation insurance from defendant insurer, and that it thereafter wrote insurer to include in the policy insurance for "S., logging contractor, who is logging for us. His average payroll averages $65.00"; that insurer complied with the request and was paid the premiums for the additional insurance, and that deceased was injured while driving S's truck, hauling logs to the company, which injury subsequently resulted in his death, and that the insurer recognized the deceased as an employee of the company by making a contract during his lifetime to pay him a certain sum per week, and by making a like contract with his widow after his death. There was also evidence that at the time of his injury deceased was hauling logs to another company. *Held,* as against the appealing insurer there was some evidence to support the finding of the Industrial Commission that the deceased was an employee of the company obtaining the insurance and was covered by the policy, and as insurer had received premiums based in part on the weekly wage deceased had earned, it is not in a position to complain, and may not assert that S. was an independent contractor.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Parker, J.,* at December Term, 1933, of NORTH-AMPTON.

Willie Greenway was employed by W. H. Spivey to haul logs. Spivey had a contract with the defendant, Riverside Manufacturing Company, to deliver logs to said defendant and was to be paid by the thousand. He said: "When I loaded on their trucks I got eight dollars per thousand and when I delivered it to the mill on my truck I got eleven dollars per thousand." Willie Greenway was hauling a load of pine logs upon a truck owned by Spivey and was injured by one of the logs, resulting in his death. The injury occurred on 12 December, 1931, and death followed in March, 1932. Prior to 20 November, 1931, Spivey had no compensation insurance. At the first hearing he testified: "My compensation insurance had been canceled at that time, and I was bumming around, working a day here and a day there, and sometimes two or three days at a time. Sometimes I would go and buy some lumber already out and haul it. . . . I was in a hurry and went to see Mr. Brown of the Riverside Manufacturing Company, the manager there, and I went to Norfolk to see a man about some insurance also, and he said he couldn't take it unless I had a ten-thousand-dollar payroll a year. I came back and it was suggested to me that I might get the Riverside Manufacturing Company to take care of my logging operations while I was clearing this tract of timber." On 20 November, 1931, the Riverside Manufacturing Company, wrote a letter to the defendant, Lumbermen's Mutual Casualty Company, using the following language: "We want you to include in our policy workmen's compensation insurance for W. H. Spivey, logging contractor, who is logging for us. His payroll averages $65.00 per week," etc. Thereafter the defendant carrier covered the operations of Spivey for the Riverside Manufacturing Company and Spivey paid various sums set out in the record to the Riverside Manufacturing Company as premiums for such coverage.

The history of the case is contained in the opinion of Matt H. Allen, chairman of the Industrial Commission, which is as follows:

"Hearing before Allen, chairman, at Halifax, N. C., 8 December, 1932. Plaintiff represented by V. D. Strickland, attorney, Rich Square, N. C. Defendants by Fred P. Parker, Jr., attorney at law, Goldsboro, N. C.

"This case was first heard before Commissioner Dorsett at Halifax, North Carolina, on 29 September, 1932, and before any findings of fact or award, the defendant, Lumbermen's Mutual Casualty Company, filed with the Commission a petition to reopen the case upon the grounds that the agreement entered into for the payment of compensation was entered into under mutual mistake of all the parties concerned and that the plaintiff was paid compensation by the carrier under a misapprehension of the facts. Commissioner Dorsett ordered that the case be reopened

and heard upon the questions presented in the petition and thereupon the matter was heard on 8 December, 1932, at Halifax, before the undersigned commissioner.

"It appeared from the evidence that the claimant was injured on 12 December, 1931, receiving a dislocated shoulder and several fractures of the ribs on the right side and a fractured dorsal vertebra, resulting in paralysis of the lower limbs; that on 21 January, 1932, the defendants, Riverside Manufacturing Company and Lumbermen's Mutual Casualty Company, entered into a written agreement for compensation with the claimant by the terms of which it was agreed that he should be paid $7.00 per week, beginning 12 December, 1931, and to continue until further order of the Commission; that on 30 March, 1932, the deceased employee, Willie Greenway, died, leaving as his sole dependents Ellen Moore Greenway, wife, William Detroit Greenway and Ella Frances Greenway, minor children, and that the defendants, Riverside Manufacturing Company and Lumbermen's Mutual Casualty Company, on 9 April, 1932, entered into an agreement for compensation for death with the widow, Ellen Moore Greenway, by the terms of which she was to receive for herself and her two minor children $7.00 per week for the period provided in the act; that on or about 9 July, 1932, the defendant, Lumbermen's Mutual Casualty, requested permission of the Industrial Commission to stop payments of compensation to Ellen Moore Greenway in order that an investigation might be made as to other dependents and thereafter the matter was set down for hearing on 22 July, 1932, but was continued and finally heard before Commissioner Dorsett on 29 September, 1932. On 6 October, 1932, and after the hearing before Commissioner Dorsett, the defendant, through its attorney, requested that the Commission withhold its decision in this case until he could have an opportunity to make further investigation as to whether or not the truck upon which the deceased, Willie Greenway, was injured was covered by the insurance carrier at the time of the injury, which question had not been theretofore raised.

"Upon the hearing before the undersigned commissioner there was no sufficient evidence of mutual mistake or fraud to justify the setting aside of the agreements entered into between the parties. The burden was upon the defendant which alleged the fraud or mutual mistake to establish such fraud or mutual mistake by at least a preponderance of evidence which this commissioner finds was not done and upon consideration of all of the evidence the commissioner finds as a fact:

"1. That the deceased Willie Greenway at the time of his accident and injury which resulted in death was in the employ of the Riverside Manufacturing Company.

"2. That the defendants, Riverside Manufacturing Company and Lumbermen's Mutual Casualty Company entered into an agreement for

the payment of compensation with the deceased Willie Greenway before his death and after his death entered into another agreement for compensation with his widow.

"3. That Ellen Moore Greenway, widow, William Detroit Greenway and Ella Frances Greenway, minor children, were the sole and only dependents of the deceased Willie Greenway, who died on 30 March, 1932, as a result of the accident received on 12 December, 1931, while in the employ of the defendant, Riverside Manufacturing Company.

"4. That the accident on 12 December, 1931, which resulted in death on 30 March, 1932, arose out of and in the course of his employment.

"5. That at the time of the accident the deceased Willie Greenway was receiving an average weekly wage of $9.65 per week.

"It is thereupon ordered that an award issue providing for the payment of compensation to Ellen Moore Greenway, widow, William Detroit Greenway, minor, and Ella Frances Greenway, minor child, at the rate of $7.00 per week for a period of 350 weeks, plus burial expenses not to exceed $200.00, together with all hospital and medical bills incurred during the period between 12 December, 1931, and 30 March, 1932, together with the costs of this action. Matt H. Allen, chairman."

Thereupon there was an appeal to the full Commission. This tribunal adopted and approved the findings of fact and conclusions of law in the Allen opinion, and affirmed the award.

Upon appeal to the Superior Court the trial judge was "of opinion, and so holds, that there is no sufficient evidence in the record to support the finding of the Commission, that the deceased, Willie Greenway, at the time of his accident and injury, which resulted in death, was in the employ of the Riverside Manufacturing Company. Therefore, it is ordered, considered and adjudged by the court that the award by the North Carolina Industrial Commission against the defendant, Lumbermen's Mutual Casualty Company be, and the same is hereby reversed, set aside and vacated," etc.

From the judgment so rendered, the claimants appealed.

*V. D. Strickland* for *plaintiff.*
*Ruark & Ruark* for *Lumbermen's Mutual Casualty Company.*

BROGDEN, J. Motion was made to dismiss the appeal upon the ground that the affidavit and orders did not comply with the statute regulating pauper appeals. However, a certificate from the clerk, under date of 15 March, 1934, discloses compliance with the statute and the motion to dismiss is denied.

The right of plaintiffs to assert their claim is not challenged in this Court; nor is it disputed that Willie Greenway was injured in the course of his employment. The carrier insists that Spivey was an inde-

pendent contractor and that the load of logs, which occasioned the injury and subsequent death of the deceased, was to be delivered to the Camp Manufacturing Company, and hence, at the time of his injury, he was in the employ of said concern. The opinions of the hearing commissioner and of the full Commission discloses a positive and unequivocal finding of the fact that at the time of his injury, Willie Greenway "was in the employ of the Riverside Manufacturing Company."

Therefore, the sole question involved in this appeal is whether there is any competent evidence tending to support such finding.

The defendant carrier covered Willie Greenway under a policy written and delivered to the Riverside Manufacturing Company. It received pay for assuming the risk of his injury or death in the course of his employment. It had assumed such risk by virtue of the letter of 20 November, from the Riverside Manufacturing Company. In this letter the said Manufacturing Company referred to Spivey as a "logging contractor, who is logging for us." Spivey testified at the first hearing that the load of logs occasioning the injury to the deceased was to be delivered to the Camp Manufacturing Company, but at a subsequent hearing he said: "This particular log came off my own land. It was my individual land Greenway was hauling from when he got hurt. You asked me if the logs were going to the Camp Manufacturing Company. Right at that time, on the spur of the moment, I thought they were. . . . After I was on the stand at Halifax I went back to my home and figured up where it was cut, the loads, and began to think about it, and I remembered that I did have some logs left. . . . I know they did not go to the Camp Manufacturing Company. . . . I remember where I piled the logs and remembered the day I moved them over to the Riverside Manufacturing Company."

Hence there is competent evidence that at the time of his injury the deceased was hauling logs to the Riverside Manufacturing Company plant and was at that instant covered by a policy of insurance written by the defendant carrier as an employee of the said Riverside Manufacturing Company. Certainly, as against the defendant carrier, the sole appellant in the Superior Court, these facts constitute some competent evidence of employment by the Riverside Manufacturing Company. Nor is this all. On 21 January, 1932, during the lifetime of deceased, the defendant carrier entered into a written agreement with him to pay $7.00 per week, and after his death the defendant carrier entered into an agreement with his widow, Ellen Moore Greenway, to pay to her and her minor children $7.00 per week. While there was allegation of fraud contained in an affidavit attached to a petition to the Industrial Commission to set aside the award, no evidence of fraud or mutual mistake so far as the claimants are concerned, was offered at any of the hearings.

In the final analysis the entire record produces a situation substantially as follows: The carrier admitted that Willie Greenway was an employee of the Riverside Manufacturing Company when it undertook to cover him with a policy of insurance and received for such coverage the stipulated payments. The carrier further recognized Willie Greenway as an employee of the Riverside Manufacturing Company in his lifetime by making a contract with him to pay $7.00 per week. The defendant carrier further recognized Willie Greenway as an employee of the Riverside Manufacturing Company by making an agreement after his death with his dependents to pay said $7.00 per week. This Court, speaking through *Reeves v. Parker-Graham-Sexton, Inc.,* 199 N. C., 236, 154 S. E., 66, declared: "The defendant, Travelers Insurance Company, having been paid the premium by defendant, Parker-Graham-Sexton, Incorporated, employer, to pay compensation in death cases where there are no dependents, as in the present case, is hardly in a position to complain." See *Jones v. Trust Co., ante,* 214.

The Court is of the opinion that the judgment vacating the award of the Industrial Commission, was improvidently entered.

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.