***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated.
3. Defendant-employer was subject to the Act on the date of the injury in question.
4. On October 7, 2009, Ricardo Montoya-Doroteo (hereafter "decedent") sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer and which resulted in his death.
5. The average weekly wage of decedent was $468.58, which yields a compensation rate of $312.40.
6. An employee-employer relationship existed between decedent and defendant-employer at the time of the accident.
7. Maria Isabel Chimal Becerra was wholly dependent upon the earnings of decedent at the time of his death.
8. Katie Cruz Montoya Chimal was an acknowledged illegitimate child dependent upon the earnings of decedent at the time of his death.
9. At the hearing before the Deputy Commissioner, the parties submitted a packet of various stipulated exhibits, which was admitted into the record and marked as Stipulated Exhibit (2) and which included the following:
 a. Industrial Commission forms and filings;
 b. Decedent's death certificate;
 c. Birth certificate for Katie Cruz Montoya Chimal;
 d. Payroll records; *Page 3 
 e. The medical examiner's report;
 f. A shipping statement from International Mortuary; and
 g. Plaintiffs' discovery responses.
12. At the hearing before the Deputy Commissioner, plaintiffs submitted the following:
 a. A funeral home bill, which was admitted into the record and marked as Plaintiffs' Exhibit (1); and
 b. A paternity test results from LabCorp, which was admitted into the record and marked as Plaintiffs' Exhibit (2).
13. After the filing of the Opinion and Award by Deputy Commissioner Houser, the parties stipulated to the admissibility of a judgment entered in File No. 10 CV 2463 in Davidson County District Court.
 *********** ISSUES TO BE DETERMINED
Whether Maria Isabel Chimal Becerra is entitled to death benefits when she was not married to decedent at the time of his death, but lived with decedent and was dependent upon him for support for a significant period of time prior to his death.
 ***********
Based upon all of the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On October 7, 2009, decedent was employed by defendant-employer as a construction worker installing heating and air ducts. On that date, decedent accidently fell from *Page 4 
the first floor living area through the open structure to the basement below. As a result of this fall, decedent sustained skull fractures, cervical fractures, and an intraparenchymal hemorrhage.
2. After being transported to Wake Forest Baptist Medical Center, decedent's condition declined rapidly and he died from an acute intracranial injury with intraparenchymal hemorrhage, as confirmed by the medical examiner.
3. On October 7, 2009, decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer that resulted in his death.
4. At the time of his death, decedent was unmarried and was survived by his minor daughter, Katie Cruz Montoya Chimal, born May 3, 2008. Maria Isabel Chimal Becerra is the natural mother of Katie Cruz Montoya Chimal.
5. From approximately 2005 until his death in 2009, decedent shared a residence with Maria Isabel Chimal Becerra. Decedent was never married to Maria Isabel Chimal Becerra.
6. In 2007, Maria Isabel Chimal Becerra became pregnant and subsequently gave birth to a daughter, Katie Cruz Montoya Chimal, on May 3, 2008.
7. Prior to his death, decedent publicly acknowledged Katie Cruz Montoya Chimal as his child and requested that his name be listed as her father on her birth certificate. Additionally, the results of a paternity test revealed a 99.99% probability that decedent was the biological father of Katie Cruz Montoya Chimal.
8. On September 10, 2010, in File No. 10 CV 2463, Davidson County District Court Judge Wayne L. Michael entered a Judgment establishing decedent's paternity of Katie Cruz Montoya Chimalnunc pro tunc to the day preceding the date of decedent's death.
9. As the minor child of decedent, Katie Cruz Montoya Chimal is conclusively presumed to have been wholly dependent upon him for support at the time of his death. *Page 5 
10. Phillip B. Lohr has been duly appointed and qualified as the guardian ad litem for the minor child, Katie Cruz Montoya Chimal.
11. Although Maria Isabel Chimal Becerra was dependent upon decedent for support at the time of his death, pursuant to the current law of this state, she was not his widow and, therefore, is not entitled to receive compensation.
12. After the death of decedent, a funeral bill from International Mortuary Shipping in the amount of $3,495.00 was paid in full by Maria Isabel Chimal Becerra.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On October 7, 2009, decedent sustained an injury by accident arising out of and in the course of his employment with defendant-employer that resulted in his death. N.C. Gen. Stat. §§ 97-2(6); 97-2(10).
2. Common law marriages are invalid in North Carolina.State v. Alford, 298 N.C. 465, 259 S.E.2d 242 (1979);State v. Wilson, 121 N.C. 650, 28 S.E. 416 (1897). Therefore, a person claiming to be a common law wife in North Carolina is not entitled to any part of the compensation payable under the provisions of the Act. Fields v. Hollowell,238 N.C. 614, 78 S.E.2d (1953); Reeves v. Parker-Graham-Sexton,Inc., 199 N.C. 236, 154 S.E. 66 (1930). Notwithstanding societal changes that have taken place since the filing of Fields v.Hollowell, 238 N.C. 614, 78 S.E.2d 740 (1953), and even though Maria Isabel Chimal Becerra was in fact wholly dependent upon decedent for support at the time of his death, pursuant to the current law of this state, she was not a widow for purposes of claiming death benefits under N.C. Gen. Stat. § 97-39 *Page 6 
and is entitled to no compensation under the Act. N.C. Gen. Stat. §§ 97-38; 97-39; Fields v. Hollowell,238 N.C. 614, 78 S.E.2d 740 (1953).
3. As the acknowledged minor child of decedent, Katie Cruz Montoya Chimal is conclusively presumed to have been wholly dependent upon him for support at the time of his death. N.C. Gen. Stat. § 97-39.
4. As the sole person wholly dependent upon decedent, Katie Cruz Montoya Chimal is entitled to receive all compensation payable as the result of his injury by accident and related death to the exclusion of all others. N.C. Gen. Stat. §§ 97-2(6); 97-2(10);97-38; 97-39. Maria Isabel Chimal Becerra is the mother and natural guardian of the minor child, Katie Cruz Montoya Chimal.
5. The minor child, Katie Cruz Montoya Chimal, is entitled to receive death benefits in the amount of $312.40 per week for 400 weeks beginning October 7, 2009 or until she reaches the age of 18, whichever occurs last. N.C. Gen. Stat. § 97-38. Defendants shall pay said benefits to Maria Isabel Chimal Becerra, the mother and natural guardian of the minor child, for the use and maintenance of Katie Cruz Montoya Chimal.
6. As the result of decedent's compensable injury by accident and related death, plaintiffs are entitled to have defendants pay for all medical expenses related to decedent's accident and death when the medical bills have been approved according to established Industrial Commission procedures. N.C. Gen. Stat. § 97-2(5).
7. Defendants shall pay funeral expenses in the amount of $3,495.00 to Maria Isabel Chimal Becerra who paid for such expenses. N.C. Gen. Stat. § 97-40.
 *********** *Page 7 
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees approved below, defendants shall pay to Maria Isabel Chimal Becerra, the parent and natural guardian of Katie Cruz Montoya Chimal, a minor child, for the use, benefit and maintenance of Katie Cruz Montoya Chimal, death benefits at the rate of $312.40 per week beginning October 7, 2009 and continuing for 400 weeks or until she reaches age 18, whichever occurs last. All sums that have accrued shall be paid in one lump sum.
2. Defendants shall pay for all medical expenses related to decedent's compensable injury by accident and related death when the medical bills have been approved according to established Industrial Commission procedures.
3. Defendants shall pay funeral expenses in the amount of $3,495.00 to Maria Isabel Chimal Becerra.
4. Plaintiffs' attorney has requested Commission approval of an attorney's fee of 25% of the compensation awarded to the minor child. In death cases the Commission does not routinely award attorney's fees based upon a percentage of compensation awarded, but rather usually bases the approved fees upon statements of legal services rendered in each particular case. In this case, Katie Cruz Montoya Chimal is the natural, acknowledged child of decedent and by statute was presumed wholly dependent upon decedent for support. Katie Cruz Montoya Chimal's right to death benefits was in fact uncontested. The issue before the Commission as presented not by plaintiffs but by defendants was whether Maria Isabel Chimal Becerra was entitled to a portion of the death benefits. It is unclear from the record whether plaintiffs' *Page 8 
counsel represented the minor child and Maria Isabel Chimal Becerra since he never argued that Maria Isabel Chimal Becerra was entitled to any portion of the death benefits.
6. Therefore, based upon the above, the Commission finds that an attorney's fee of 25% of the death benefits payable to the minor child is not deemed reasonable. Within ten days of receipt of this Opinion and Award, counsel for plaintiffs shall submit an affidavit or itemized statement with a requested hourly rate to the attention of Commissioner Mavretic for the purpose of determining the attorney's fee to be paid. Defendants shall hold the accrued compensation in their trust account until an attorney's fee is approved by the Commission.
7. Defendants shall pay the costs.
This 26th day of October, 2010.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER